# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO ALONSO, | CASE NO. 1:11-cv-01693-SAB |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| v. | |
| BLACKSTONE FINANCIAL GROUP LLC, et al., | (ECF Nos. 22, 24, 26) |
| Defendants. | |

## I.

## INTRODUCTION

Plaintiff seeks to amend her complaint to add the owner and manager of Defendant Blackstone, Jason Elsen, as a defendant in this action on the theory that he was involved with the company's debt collection activities. (Mot. for Leave to File First Amended Compl. 4, ECF No. 22.) Defendant Blackstone opposes the motion on the ground that the cases finding owners liable in debt collection actions are not on point, and Plaintiff has not set forth sufficient facts to allow piercing the corporate veil. (Mem. of P. & A. in Opp. to Mot. to Amend Compl. 2, ECF No. 24.) Alternately, Defendant Blackstone moves that, should the amendment be allowed, this action should be transferred to the Central District of California which is the proper venue. (Id. at 3.)

## II.

## PROCEDURAL HISTORY

This action was filed on October 11, 2011, against Defendants Blackstone Financial Group ("Defendant Blackstone") and Steve Darwin alleging violations of 15 U.S.C. §§ 1692, et. seq. (Fair

1

1  Debt Collection Practices Act ("FDCPA")) and Cal. Civ. Code §§ 1788-1788.32 (Rosenthal Fair
2  Debt Collection Practices Act). (ECF No. 1.) Following Plaintiff's notice of voluntary dismissal,
3  Defendant Darwin was dismissed from the action on November 8, 2011. (ECF Nos. 6, 7.) On
4  January 22, 2013, Plaintiff filed the instant motion to amend the complaint to add Jason Elsen as a
5  defendant in this action due to statements he made during his deposition on November 5, 2012.
6  (ECF No. 22.) Defendant filed an opposition on February 6, 2013, and Plaintiff filed a reply on
7  February 8, 2013. (ECF Nos. 24, 26.)

8        This Court conducted a hearing on Plaintiff's motion to amend the complaint on February
9  20, 2013. Counsel William Krieg appeared for Plaintiff and counsel Michael Goode appeared by
10 telephone for Defendant. The Court has read and reviewed the Plaintiff's moving papers and
11 Defendant's opposition, including all supporting documents. The Court further considered the
12 arguments of counsel on the record. The following order hereby issues granting Plaintiff's motion
13 to amend and denying Defendant's cross motion for a change of venue.

14 **III.**

15 **COMPLAINT ALLEGATIONS**

16       After Plaintiff incurred a financial obligation and fell behind in payments, the debt was
17 assigned to Defendant Blackstone for collection. (Compl. ¶¶ 19, 21, 22, ECF No. 1.) Plaintiff
18 alleges that on October 11, 2010, an agent of Defendant Blackstone contacted Plaintiff's former
19 husband, Michael Alonso, at work and identified himself as a law enforcement officer. (Id. at ¶¶ 23,
20 28.) This agent of Defendant Blackstone informed Mr. Alonso that a legal case was pending against
21 Plaintiff, that he was liable for the debt, and his wages could be garnished. The caller left a phone
22 number and case number and told Mr. Alonso to have Plaintiff call that day to speak with him. (Id.
23 at ¶ 25.)

24       Plaintiff received the message and called the phone number left with Mr. Alonso. (Id. at ¶¶
25 34-35.) The phone was answered by a woman who said, "Blackstone Financial Group," and when
26 Plaintiff asked for the officer, she was connected with Steven Darwin who stated he was taking the
27 officer's calls and repeated the misrepresentations told to Mr. Alonso. (Id. at ¶ 35.) Plaintiff was
28 told she had to make a payment that day or an officer would come to her work the following day to

escort her from work. (Id. at ¶ 41.) On the same day, Plaintiff borrowed money from a family member and made a $100 payment on the account. (Id. at ¶ 42.)

## IV.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides for liberal pleading standards, mandating that leave to amend should be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962). "This policy is to be applied with extreme liberality." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). In determining whether to grant a plaintiff leave to amend, the district court is to consider the presence of bad faith, prejudice to the opposing party, undue delay, and futility. Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999). It is the consideration of prejudice to the opposing party that carries the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing on any of the remaining [factors], there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence, 316 F.3d at 1052. Defendant Blackstone did not argue in the opposition or during the hearing that the factors of bad faith, undue delay, or prejudice weigh against allowing the amendment of the complaint. Independently, the Court also finds that the factors of bad faith, prejudice to the defendant, and undue delay weigh in favor of allowing the amendment to the complaint.[1] As the only obstacle to amending the complaint is futility, the Court's analysis shall focus on this single issue.

Additionally, when an amended pleading is filed after the applicable statute of limitations period, as here, Rule 15(c) governs whether the pleading relates back to the timely filing of the original complaint. An amendment relates back to the date of the original pleading when allowed by the applicable statute of limitations, and the amendment asserts a claim that arose out of the

---

[1] In this instance, Elsen, as the owner and sole manager of Defendant Blackstone, has been aware of the claims brought in this action, so there would be no prejudice by allowing the amendment of the complaint. Since Plaintiff seeks to add Elsen as a defendant based upon the discovery that he is the sole owner and manager involved in the day to day collection activities of the company, the amendment is not sought in bad faith. Because this motion was brought within three months of discovering the potential liability of Elsen, there was no undue delay. The Court finds that these factors do weigh in favor of allowing amendment.

3

conduct, transaction, or occurrence alleged in the original pleading. Fed.R.Civ.P. 15(c)(1). Where the amended pleading changes the name of a party, the party sought to be added must have received notice of the action so he will not be prejudiced in defending the action on the merits and he must have known or should have known that the action would have been brought against him, but for a mistake concerning the identity of the proper party. Fed.R.Civ.P. 15(c)(1)(C). Relation back "depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." Krupski v. Costa Crociere S. p. A., 130 S.Ct. 2485, 2490 (2010).

## V.

## DISCUSSION

Plaintiff argues that the factors to be considered in determining whether to allow the amendment of the complaint weigh in favor of allowing the amendment. (ECF No. 22 at 7.) As noted above, the only factor at issue in this case is futility.

In determining futility, the Court must determine if Elsen would be a proper defendant in this action. Additionally, this action was brought under the FDCPA which requires that the action must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Since the amended complaint was not filed within the statute of limitations, the court must also determine if the first amended complaint would relate back to the filing of the original complaint. Therefore, in determining whether the motion to amend should be granted, the Court shall first consider if Elsen is a proper defendant, and if so, whether the amendment is barred by the statute of limitations.

1. Proper Defendant

Plaintiff argues that Elsen is a proper defendant since he was the sole owner and manager involved in the daily operations of Defendant Blackstone. "The purpose of the FDCPA is to protect vulnerable and unsophisticated debtors from abuse, harassment, and deceptive collection practices." Guerrero v. RJM Acquisitions LLC, 449 F.3d 926, 938 (9th Cir. 2007). The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The FDCPA does not require a mental state to violate it, as it is

4

a strict liability statue. Cruz v. International Collection Corp., 673 F.3d 991, 997 (9th Cir. 2012). Under the statute, a "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due . . . to another." 15 U.S.C. § 1692a(6).

This circuit recently addressed whether the sole owner, officer, and director of a corporation could be liable under the FDCPA where he directly participated in collecting debts. In Cruz v. International Collection Corp., 673 F.3d 991 (9th Cir. 2012), the Ninth Circuit held that the sole owner, officer, and director of the corporation was a "debt collector" under the statute when he did everything for the collection agency, including debt collection activities. Cruz, 673 F.3d at 999.

Plaintiff's first amended complaint alleges that Elsen regularly engaged, directly and indirectly, in the collection of debts as an officer, director, managing member, principal shareholder and person in control of Defendant Blackstone. (First Am. Compl. ¶ 12, ECF No. 22-1.) Further, Plaintiff asserts that "Elsen was deeply involved with the daily operations of Defendant Blackstone, including: being present and managing the office everyday, and was the sole person monitoring and supervising its 'collectors' conduct, and who provided training, monitored collection phone calls, and addressed complaints received from debtors." (ECF No. 22 at 4.) The Court finds that Elsen is a proper defendant in this action as he directly and indirectly participated in debt collection activities. Having found that Elsen is a proper defendant, the Court shall consider whether the amend complaint will relate back to the date of filing of the original complaint.

    2.    Relation Back

Plaintiff concedes that the amended complaint is filed outside of the statute of limitations, but argues that it would relate back to the date of the filing of the original complaint. (ECF No. 22 at 8.) Since the amended complaint has been filed after the statute of limitations has run, Plaintiff may only amend the complaint if it relates back to the original complaint. Abels v. JBC Legal Group, P.C., 229 F.R.D. 152, 158 (N.D. Cal. 2005). Relation back is governed by Rule 15(c)(1)(C) which requires 1) the claim arise out of the same conduct, transaction or occurrence alleged in the original complaint; 2) the new party had notice of the action within the period provided for service

of the summons and complaint so he will not be prejudiced; and 3) the party knew or should have know that he would have been named as defendant, but for a mistake.

### a. Same conduct, transaction, or occurrence

The first element is met in this case. The claim sought to be brought against Elsen is based upon the incident in which Plaintiff alleges false representations were made to her in an attempt to collect her debt. These facts do arise out of the same conduct, transaction, or occurrence as the original complaint. Fed.R.Civ.P. 15(c)(1).

### b. Notice and prejudice to the defendant

Informal notice is sufficient if it allows the party an opportunity to prepare his defense. Abels, 229 F.R.D. at 158. Where there is sufficient agency or "community of interest" between the defendant served and the new defendant, notice can be imputed. G.F. Co. v. Pan Ocean Shipping Co., Ltd., 23 F.3d 1498, 1503 (9th Cir. 1994). As the sole owner of Defendant Blackstone, Elsen would have received notice of the claims alleged in this action because he received timely service of the summons and complaint within the period prescribed by Federal Rules of Civil Procedure 4(m).

Since notice can be imputed to the time Defendant Blackstone was served with the complaint, Elsen has had ample time to prepare an answer. Abels, 229 F.R.D. at 158. Elsen has had notice of the claims and, as owner of the LLC, has been involved in defending this action. He will not be prejudiced in defending the action on the merits.

### c. Whether defendant knew or should have known

In order for the first amended complaint to relate back, Plaintiff must establish that she made a mistake by failing to sue Elsen when this action was filed, and Elsen knew or should have known that, but for the mistake, he would have been named as a defendant in this action before the statute of limitations expired. Louisana-Pacific Corp. v. ASARCO, Inc., 5 F.3d 431, 434 (9th Cir. 1993); Krupski, 130 S.Ct. at 2493.

The requirements for changing parties in an amendment are more stringent than those imposed for adding or changing claims. Brink v. First Credit Resources, 57 F.Supp.2d 848, 853 (D.Ariz. 1999). Rule 15(c) was intended to protect a party who mistakenly names the wrong

defendant and then, after the limitations period runs, discovers the identity of the proper party. Kilkenny v. Arco Marine, Inc., 800 f.2d 853 (9th Cir. 1986). If a party is unknown to the plaintiff at the time that the complaint was filed, then amendment may be proper. However, if the plaintiff is aware of the identity of the potential defendant at the time that the complaint is filed, but is uncertain whether the potential defendant may be found liable, then amendment is not allowed to defeat the statute of limitations. In re Brocade Communications Systems, Inc. Derivative Litigation, 615 F.Supp.2d 1018, 1041 (N.D.Cal. 2009).

"Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party, nor was it intended to engage in piecemeal litigation." Id. at 857-58. Where the plaintiff is aware of the identity of the defendant prior to the expiration of the statute of limitations and fails to name him in the original complaint, the defendant deserves the protection of the statute of limitations because he may believe that the plaintiff made a conscious decision not to include him. Brink, 57 F.Supp.2d at 856. Rule 15(c) does not provide relief to the plaintiff who makes a tactical decision. Id.

In this instance, the proper identity of Elsen was not known to Plaintiff within the limitations period, which expired upon service of the complaint. During argument on the matter, Plaintiff asserted that it was only during the deposition conducted after the limitation period expired that Plaintiff discovered that Elsen was the sole owner of the LLC, that the LLC was no longer pursuing new business, and the extent of Elsen's involvement in the day to day operations of the debt collection functions of the business. Further, during the hearing on the matter, Defendant conceded that the LLC was winding down.[2]

Here, Plaintiff's failure to name Elsen as a defendant was not the result of a tactical decision with knowledge of his identity, but was due to lack of knowledge regarding the current position of

---

[2] Plaintiff contends that the fact that Elsen folded Blackstone and set up multiple companies that are engaged in the same business should not allow Elsen to escape liability. While Plaintiff may suggest that this is a ruse to avoid having Blackstone and ultimately Elsen from being held responsibility for the conduct, the Court will simply consider the fact that such acts occurred and not the motives for the acts. There can be a variety of reasons fro which a business may want to structure itself in such a fashion and looking to motive at this stage is simply unnecessary. However, this is a fact, irrespective of motive, to which the Defendant was not forthcoming and which would have assisted the Plaintiff in determining the proper party for suit.

7

1  Defendant Blackstone. The Ninth Circuit has not addressed the application of the mistake doctrine
2  where a plaintiff is attempting to add a new defendant due to lack of knowledge regarding liability
3  at the time the original pleading was filed. However, in this circuit the court is to liberally construe
4  the mistake requirement to allow amendment where the previously unknown defendant was
5  identified after the statute of limitations has run. Abels, 229 F.R.D. at 158; *see* Kilkenny, 800 F.2d
6  853.

7  Although Elsen had begun the process of winding down Defendant Blackstone, there was
8  no way for Plaintiff to discover this information. While Elsen was aware of the filing of this action,
9  he did not inform Plaintiff that he had begun winding down the operations of Defendant Blackstone.
10 Further, prior to the expiration of the statute of limitations, Plaintiff had no way to discover the
11 extent of Elsen's involvement in debt collection activities. Plaintiff did not name Elsen as a
12 defendant because she was unaware of his proper identity, that he was winding down the activity of
13 the business, and that he was actively involved in the day to day activities of the business. In this
14 situation, Defendant Blackstone was aware of these facts and was not forthcoming in notifying
15 Plaintiff of these important facts. Abels, 229 F.R.D. at 159.

16 Since Plaintiff was unaware of the facts that existed at the time this action was filed, and
17 because the Court is to liberally construe the pleadings in favor of amendment, the Court finds that
18 Plaintiff's amended complaint does relate back to the date of filing the original complaint.
19 Therefore, Plaintiff's motion to amend shall be granted.

## VI.

## VENUE

22 Defendant requests that, should the motion to amend be granted, this action be transferred
23 to the Central District of California which he concludes would be the proper venue for Elsen. (ECF
24 No. 24 at 3.) Plaintiff replies that venue is proper in this district as Defendant Blackstone is
25 considered a resident here and a substantial part, if not all of the alleged conduct, occurred in this
26 district. (ECF No. 26 at 3.)

27 Venue is proper in this case in "a judicial district where any defendant resides," where "a
28 substantial part of the events or omissions giving rise to the claim occurred," or where "any

defendant can be found." 28 U.S.C. § 1391(b). Since Defendant Blackstone is a resident of this judicial district and a substantial part of the events giving rise to this action occurred here, venue is proper in the Eastern District of California. Accordingly, Defendant's motion for a change of venue is denied.

## VII.
## CONCLUSION AND ORDER

The Court finds that the amended complaint does relate back to the date of the filing of the complaint. Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend, filed January 22, 2013, is GRANTED;
2. Defendant's cross-motion for a change of venue, filed February 6, 2013, is DENIED; and
3. Within fourteen (14) days from the date of service of this order, Plaintiff shall file the first amended complaint which is attached as Exhibit 1 to the motion for leave to file an amended complaint.

IT IS SO ORDERED.

Dated:   **February 25, 2013**

UNITED STATES MAGISTRATE JUDGE