# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO ALONSO,<br><br>    Plaintiff,<br><br>    v.<br><br>BLACKSTONE FINANCIAL GROUP. LLC, et al.,<br><br>    Defendants. | Case No.  1:11-cv-01693-SAB<br><br>ORDER REQUIRING PARTIES TO BE PREPARED TO ADDRESS ISSUE OF EMOTIONAL DISTRESS DAMAGES AT JULY 24, 2013 HEARING |

Plaintiff Rosario Alonso filed this action on October 10, 2011. (ECF No. 1.)  The action is currently proceeding on the first amended complaint, filed February 26, 2013, against Defendants Blackstone Financial Group, LLC ("Blackstone") and Jason Elsen alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Rosenthal Fair Debt Collection Act ("RFDCPA"), Cal. Civ. Code §§ 178801788.32. (ECF No. 31.)

Defendants Blackstone and Elsen filed separate motions for summary judgment on May 20, 2013. (ECF Nos. 43, 44.)  Plaintiff filed oppositions to the motions on July 10, 2013. (ECF Nos. 49, 51, 52.)  On July 18, 2013, Defendants Blackstone and Elsen filed objections and replies to Plaintiff's oppositions to their separate motions for summary judgment.  (ECF Nos. 54-59.)  On July 19, 2013, the parties filed joint statements of undisputed facts. (ECF Nos. 60, 61.)  A hearing on Defendants' motions is set before the Honorable Stanley A. Boone on July 24, 2013, at 9:30 a.m. in Department 9.

The parties dispute whether Plaintiff has actual damages in this action.  In addition to statutory damages under the FDCPA and RFDCPA, a plaintiff may recover actual damages, including damages for emotional distress, sustained as a result of conduct in violation of the

1

1  statutes. 15 U.S.C. § 1692k(a)(1); Cal. Civ. Code § 1788.17; see Guthrie v. JD Enterprise &Financial Servs., No. 11-cv-911-L(DHB), 2013 WL 2244337, at *3 (S.D. Cal. May 21, 2013). There is a split among district courts in this circuit on whether a plaintiff's claim for emotional distress damages under the FDCPA should be evaluated using the state law governing the tort of intentional infliction of emotional distress or whether a lower standard should be used. Branco v. Credit Collection Serv. Inc., No. 2:10-cv-01242-FCD-EFB, 2011 WL 3684503, at *10 (E.D. Cal. Aug. 23, 2011).

Some courts in this circuit have held that a plaintiff must prove a claim for intentional infliction of emotional distress ("IIED") under state law in order to collect damages for emotional distress when alleging a claim under the FDCPA. See Costa v. National Action Financial Serv., 634 F.Supp.2d 1069, 1078 (E.D. Cal. 2007). Other courts have found that emotional distress damages under the FDCPA can be proven without first having to prove a cause of action under state law. See Riley v. Giguiere, 631 F.Supp.2d 1295 (E.D. Cal. 2009); see also Smith v. Law Offices of Mitchell N. Kay, 124 B.R. 182, 189 (D. Del. 1991) ("Given Congress' intent to establish uniform guidelines for enforcing permissible debt collection practices, it would be counter intuitive to read the FDCPA so that plaintiffs have different rights of recovery in each state.").

In their moving papers, neither party addressed the split that exists in the Ninth Circuit and whether Plaintiff should be required to state a claim for intentional infliction of emotional distress under California law to recover emotional distress damages in this action.

Accordingly, IT IS HEREBY ORDERED that the parties shall be prepared to address the standard to be applied to Plaintiff's emotional distress damages at the July 24, 2013 hearing.

IT IS SO ORDERED.

Dated:   **July 23, 2013**

UNITED STATES MAGISTRATE JUDGE

2