# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO ALONSO,<br><br>        Plaintiff,<br><br>    v.<br><br>BLACKSTONE FINANCIAL GROUP. LLC, and JASON ELSEN,<br><br>        Defendants. | Case No.  1:11-cv-01693-SAB<br><br>ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES<br><br>(ECF Nos. 106, 110, 111) |

Plaintiff Alonso moves for an award of $313,170.00 in attorney fees and $4,149.72 in costs.  As discussed below, the Court finds that Plaintiff is entitled to attorney fees, however the fees sought in this action are not reasonable and shall therefore be reduced.

**I.**

**PROCEDURAL HISTORY**

Plaintiff filed this action on October 10, 2011, against Defendant Blackstone Financial Group and Steven Darwin alleging violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.32.  (ECF No. 1.)  On November 8, 2011, an order issued dismissing Defendant Darwin from this action.  (ECF No. 7.)  The Court granted Plaintiff's motion to amend on February 25, 2013, and a first amended complaint was filed on

1

February 26, 2013, adding Defendant Elsen in the alleged violations of the FDCPA and RFDCPA. (ECF Nos. 29, 31.) Defendants filed a motion to dismiss and motions for summary judgment on May 13 and 20, 2013, which were granted in part and denied in part on August 2, 2013. (ECF Nos. 42, 43, 44, 67.)

This action proceeded to a bench trial before the undersigned on November 13, 2013, against Defendants Blackstone and Elsen for violations of the FDCPA and RFDCPA. (ECF No. 98-99.) On December 20, 2013, a memorandum of decision issued finding Defendants Blackstone and Elsen violated the FDCPA and RFDCPA and entering judgment in favor of Plaintiff Alonso in the amount of $4,800.00. (ECF No. 103.)

On January 17, 2014, Plaintiff Alonso filed a motion for attorney fees. (ECF No. 106.) At the stipulation of the parties, the hearing on Plaintiff's motion was continued to February 26, 2014. (ECF Nos. 107, 108.) On February 12, 2014, Defendant filed an opposition to the motion for attorney fees. (ECF No. 110.) Plaintiff filed a reply on February 19, 2014. (ECF No. 111.)

## II.

## LEGAL STANDARD

The FDCPA provides that any debt collector who fails to comply with the provision of the Act is liable to a successful litigant for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Similarly, the RFDCPA provides for the award of reasonable attorney fees and costs to the prevailing debtor. Cal. Civ. Code § 1788.30(c). The language of the statute makes the award of fees in an FDCPA case mandatory. Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008).

The Ninth Circuit utilizes the "lodestar" approach for assessing reasonable attorney's fees, where the number of hours reasonably expended is multiplied by a reasonable hourly rate. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). "[I]n most cases, the lodestar figure is presumptively a reasonable fee award." Camacho, 523 F.3d at 978. However, the court may adjust the lodestar

upward or downward based upon a variety of factors.[1]  Gonzalez, 729 F.3d at 1202.

The party seeking an award of attorney fees has the burden of submitting billing records to establish that the number of hours requested are reasonable.  Gonzalez, 729 F.3d at 1202.  The court should exclude hours that could not reasonably be billed to a private client, such as hours that are excessive, redundant or unnecessary.  McCown v. City of Fontana, 565 F.3d 1097, 1101 (9th Cir. 2009); Gates, 987 F.2d at 1397.  The district court may reduce the hours by 1) conducing "an hour by hour analysis of the fee request," and excluding "those hours for which it would be unreasonable to compensate the prevailing party[;]" or 2) "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of [excluding non-compensable hours] from a fee application."  Gonzalez, 729 F.3d at 1203 (quoting Gates, 987 F.2d at 1399).

If the "district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must "set forth a concise but clear explanation of its reasons for choosing a given percentage reduction."  Gonzalez, 729 F.3d at 1203 (quoting Gates, 987 F.2d at 1400).  There is a recognized exception to this rule where the district court can impose a small reduction, no greater than 10 percent based upon its discretion, without providing a more specific explanation.  Gonzalez, 739 F.3d at 1203.

### III.

### ANALYSIS

**A.   Attorney Fees**

1.   Hourly Rate

---

[1] In determining a reasonable fee, the Court takes into account the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975): (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases (hereinafter referred to as the "Kerr factors").  McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995).  The district court may also make upward or downward adjustments to the lodestar based on consideration of the Kerr factors.  Gates v. Deukmejian, 987 F.2d 1392, 1402 (9th Cir. 1992)..

3

Mr. Krieg graduated with a degree from McGeorge School of Law in 1975 and has been engaged in civil litigation for over 35 years.[2] (Decl. of Wm. Kreig ¶ 28, ECF No. 106-2.) For the past 23 years, Mr. Kreig has been specializing in consumer protection. (Id. at ¶ 29.) Mr. Krieg is seeking $425.00 per hour for his services. (Id. at ¶ 37.)

Mr. Gist graduated from San Joaquin College of Law in 1992 and began the full-time practice of law in 1999. In 2003, Mr. Gist limited his practice to Consumer Bankruptcy matters. (Decl. of John Gist 2, ECF No. 106-3.) Mr. Gist took a three day seminar on FDCPA litigation in 2007. (Id. at 3.) Mr. Gist is seeking $425.00 per hour for his services. (Id. at 5.) Defendant contends that the hourly rate sought is unreasonable and entirely out of proportion to the prevailing market rate in the relevant community. (Opp. to Mot. for Costs and Attorney Fees 12-13, ECF No. 110.)

Reasonable fees are to be determined based upon the prevailing market rate in the relevant community. Blum v. Stenson, 465 U.S. 886, 896 (1984). It is the moving party's burden to establish that requested rates are in line with those prevailing in the community for similar services by attorneys of reasonably comparable skill, experience, and reputation. Jadwin v. County of Kern, 767 F.Supp.2d 1069, 1124 (E.D. Cal. 2011). The "relevant legal community" for the purposes of the lodestar calculation is generally the forum in which the district court sits. Gonzalez v. City of Maywood, 729 F.3d 1196, 1205 (9th Cir. 2013). Further, the court may rely on its own knowledge of customary legal local rates and experience with the legal market in setting a reasonable hourly rate. Ingram v. Oroudjian, 647 F.3d 925, 926 (9th Cir. 2011). Here, the reasonable hourly rate is the market within the Fresno Division of the Eastern District of California.

In determining the relevant rate within the Eastern District of California, courts have found that $375.00 per hour is the top range for a senior lead attorney practicing in the Fresno area. Luna v. Hoa Trung Vo, No. 1:08-cv-01962-AWI-SMS, 2011 WL 2078004, at *5 (E.D. Cal.

---

[2] Mr. Kreig's declaration states that he has been engaged in civil litigation for 386 years. The Court assumes that this is a typographical error and he has been litigating civil cases for either 36 or 38 years.

4

May 25, 2011) (attorney with more than 40 years' experience and specializing in disability related litigation); see also Joe Hand Productions, Inc. v. Garl, 2013 WL 4736826, at *3 (E.D. Cal. Sept.3, 2013) ($350.00 per hour is reasonable hourly rate for very experienced and skilled trial attorney within the Fresno Division of the Eastern District and awarding attorney with twenty years' experience $350.00 per hour); Jadwin, 767 F.Supp.2d at 1133 (awarding labor law attorney with over 30 years' experience $380 per hour for serving as fee counsel in action).

In FDCPA cases, the most common rate awarded to plaintiff's counsel in the Eastern District of California is $250.00 per hour. Esget v. TCM Financial Services LLC, No. 1:11-cv-00062-AWI-BAM, 2014 WL 258837, at * 10 (E.D. Cal. Jan. 23, 2014) (awarding $250 per hour in FDCPA action); see Fitzgerald v. Law Offices of Curtis O. Barnes, No. 1:12-cv-00071-LJO-GSA, 2013 WL 1627740, at *4 (E.D. Cal. April 15, 2013) (awarding $250 and $200 per hour in FDCPA action); Miranda v. Law Offices of D. Scott Carruthers, 2012 WL 78236, at *7 (E.D. Cal. Jan. 10, 2012) (awarding $250 per hour in FDCPA action); Johnson v. JP Morgan Chase Bank, N.A., No. 1:08-cv-00081-GSA; 2010 WL 4977648, at *2 (E.D. Cal Dec. 2, 2010) (awarding $300 per hour for attorney with 40 years' experience in FDCPA action).

Mr. Kreig states the Judge McAuliffe found that $425.00 was a reasonable hourly rate for his services in Mora v. Harley-Davidson Credit Corp., No. 1:08-01453-BAM (E.D. Cal.). However, Mora involved a class action and the court found that there were novel and difficult questions involved. Mora, No. 1:08-01453-BAM, 2014 WL 29743, at *2 (E.D. Cal. Jan. 3, 2014). This is not a class action and the prosecution of this action does not involve the complexity of issues that would arise in a case such as Mora.

This action alleged violations of the FDCPA and RFDCPA which are did not involve novel or complex issues. The Court is aware that Defendant Elsen did resist discovery in this action. However, contrary to Plaintiff's contention, the discovery issues did not increase the complexity of the litigation, but will be considered to justify an increase in the amount of hours that would be determined to be reasonable in prosecuting this action.

Based upon Mr. Kreig's[3] experience, especially in litigating consumer issues, the Court finds that $300.00 per hour would be a reasonable hourly rate for his services, which is the maximum amount this Court finds to be reasonable in this non-class action FDCPA action.

While Mr. Gist is an experienced bankruptcy attorney, his declaration establishes that he has little experience in the area of civil litigation or the litigation of FDCPA claims and sought the assistance of Mr. Kreig when he ran into difficulties prosecuting this action. (ECF No. 106-3 at 4.) Accordingly, the Court finds that $200.00 per hour would be a reasonable hourly rate for his services in this action.

  2. Hours Billed

Mr. Krieg seeks to be compensated for 387.90 hours, and Mr. Gist seeks to be compensated for 103.30 hours in prosecuting this action. (ECF No. 106-2 at ¶ 37.) Defendant contends that the amount of hours billed are patently unreasonable and the attorneys are billing for duplication of effort which must be reduced. (ECF No. 110 at 5-6.) Defendant requests that no attorney fees be awarded after a reasonable offer to settle this case was rejected by Plaintiff and that any hours beyond 15.2 were unreasonably expended on this action. (Id. at 18.)

Initially, the Court shall address Defendant's argument relying on Meister v. Regents of University of California, 67 Cal.App.4th 437 (1998), that attorney fees incurred after a reasonable settlement offer was rejected should not be awarded. (ECF No. 110 at 18.) In Meister, the California Court of Appeals held that trial courts may consider a nonstatuatory settlement offer in determining a reasonable attorney fee award. Id. at 452. Subsequently, in Greene v. Dillingham Construction, N.A., Inc., 101 Cal.App.4th 418 (2002), the California Court of Appeals called into doubt the validity of Meister, finding that Meister ignores the procedural protections that are afforded the recipients of statutory section 998 offers that are not included in informal settlement

---

[3] Mr. Kreig's declaration contains amounts that he states other attorneys receive as compensation in the Fresno area. However, these statements are hearsay and shall not be considered in deciding this motion. Additionally, Mr. Kreig sets forth the hourly rates that he has received in representing plaintiffs in other consumer actions. A review of these citations shows that they are for the representation of class actions, which the Court finds requires a type of representation not present here and, additionally, are for representation of cases outside of the Fresno area which is not the relevant legal community for purposes of this motion.

offers. Greene, 101 Cal.App.4th at 425.

Further, this is a federal action and federal law, not state law, applies to the award of attorney fees. The Ninth Circuit has directly rejected the reasoning of Meister and held that rejecting a settlement offer that turns out to be less than that recovered at trial is not a legitimate basis to deny an award of costs. Berkla v. Corel Corp. 302 F.3d 909, 922 (9th Cir. 2002). The Court declines to limit Plaintiff's attorney fees to those incurred prior to the rejection of any settlement offer in this action.

A reasonable number of hours is equal to the number of hours that the attorney could reasonably bill to a private client. Gonzalez, 729 F.3d at 1202. "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.' " Van Gerwin v. Guarantee Mut. Life Co., 214 F.3d 1041,1045 (9th Cir. 2000) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

In this action, Mr. Gist originally met with the plaintiff and began working on this case. Nearly a year after meeting with Plaintiff, Mr. Gist determined that he needed the help of a consumer attorney in prosecuting the action; and Mr. Kreig was brought on as co-counsel in October of 2011. (ECF No. 106-3 at 3-4; ECF No. 106-2 at 1.) Defendant contends that Mr. Gist is nothing more than a referring attorney. (ECF No. 110 at 14.)

It is apparent that shortly after associating with Mr. Kreig, Mr. Gist was no longer actively involved in prosecuting this action, but was, for the most part, observing the prosecution of this FDCPA case. The Court is cognizant that in many cases it may be reasonable to bill for the services of multiple attorneys. However, generally, two attorneys cannot bill for attending the same meeting or communicating with each other. In re Mullins, 84 F.3d 459, 467 (D.C. Cir. 1996); Robinson v. Plourde, 717 F.Supp.2d 1092, 1099 (D. Haw. 2010).

Also, this was a very straight forward case for violation of the FDCPA and review of the time records demonstrates that Mr. Gist's role essentially became that of an observer. This was further confirmed by observing both counsel during the hearings and trial of this matter. Time billed by an attorney is not reasonably expended where it serves as training rather than for

7

productive legal work.  Gauchat-Hargis v. Forest River, Inc., No. 2:11-cv-02737-KJM-EFB, 2013 WL 4828594, at *3 (E.D. Cal. Sept. 9, 2013).

The Court also considers there were essentially no factual issues in dispute in the action. Defendant Elsen's defense at trial was that Plaintiff was not telling the truth and his debt collectors would not have made the statements that she attributed to them.  However, Defendant Elsen did not have any evidence to contradict the statements which Plaintiff and her witnesses attributed to the representative of Defendant Blackstone.

The court may reduce those hours where a case is overstaffed and hours are duplicated and where the hours expended are deemed to be excessive.  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1211 (9th Cir. 1986).  In this action, the attorneys are billing for a significant number of duplicative hours for which they would not be able to reasonably bill to a client.  Reviewing the billing records of both attorneys, the Court finds that Mr. Krieg and Mr. Gist billed for hours that are duplicative and excessive.

From the time that Mr. Krieg was brought into the case until the end of 2012, Mr. Gist was the most familiar with this action and, during this time period, the Court finds that his rates would be the applicable billing rate for any hours that are duplicative.  Accordingly, the Court shall reduce the hours of Mr. Krieg for October 10, 2011 (1.2 hrs); November 1, 2011 (.3 hrs); November 29, 2011 (.4 hrs); December 22, 2011 (.2 hrs); November 6, 2012 (1.4 hrs); November 7, 2012 (3.3 hrs); December 12, 2012 (.3 hrs); and May 14, 2013 (.7 hrs) as the hours are duplicative of those billed by Mr. Gist.  This results in a total reduction to Mr. Krieg's billable hours due to duplicate billing on these dates of 7.8 hours.

Mr. Kreig's billable hours, minus those hours that the Court is able to determine are duplicative of Mr. Gist's billed hours, are 380.1 hours.  While the Court is aware that the actions of Defendant Elsen did increase the number of hours required to prosecute this action, the Court still finds that the number of hours billed by Mr. Kreig in this action are excessive.

For example, from January 3, 3013 through January 18, 2013, Mr. Kreig billed for 22.5 hours for researching and drafting the motion for leave to amend.  The motion for leave to amend

8

itself consisted of a one page notice of motion, a seven page memorandum of points and authorities, and a two page declaration of Mr. Kreig. (ECF No. 22.) Further, the amendments to the complaint consisted of adding Defendant Elsen's name to the complaint, one paragraph describing Defendant Elsen's activity within the organization, and one sentence stating that the identity of the individual Plaintiff spoke with is unknown. (First Am. Compl., ECF No. 22-1.)

The Court has similar concerns when looking at the amount of time spent on responding to the motions brought by Defendants in this action. The Court had already addressed the issue of Defendant Elsen's liability and determined that Plaintiff's complaint stated a claim, yet Plaintiff billed for 22.4 hours in researching and preparing the opposition to the motion to dismiss. Given the significant amount of experience Mr. Kreig has in litigating consumer actions, the Court finds that the time billed by Mr. Kreig in this action is excessive and exercises its discretion to impose a 10 percent reduction in the billable hours on top of the reduction for the hours identified as being duplicative of Mr. Gist's billable hours. Gonzalez, 739 F.3d at 1203. Accordingly, the Court shall award Mr. Kreig 342.09 hours.[4]

As of the end of 2012, it is clear that Mr. Gist's role in this action was merely to monitor and review documents. As of January 2013, the Court finds that the vast majority of the hours billed by Mr. Gist are duplicative of those hours billed by Mr. Kreig and are not reasonable. The Court shall reduce the hours for Mr. Gist as duplicative of those billed by Mr. Kreig for all hours billed from February 20, 2013 through May 6, 2013 (8.3 hrs); May 13, 2013 (.3 hrs); May 20, 2013 through October 11, 2013 (14.4 hrs); October 16, 2013 through November 5, 2013 (4.4 hrs); November 6, 2013 through November 14, 2014 (22.7 hrs); and November 19, 2013 through

---

[4] This figure is arrived at by taking the total allowable billable hours (380.1 hours) and subtracting ten percent (38.1 hours). The Court notes that this is still a significant number of hours for prosecuting this action. However, a number of theses hours are attributable to the discovery issues that arose due to Defendant Elsen's failure to respond truthfully during the depositions and failure to produce information in response to discovery requests, and the defendants filing a motion to dismiss and two motions for summary judgment.

The Court has reviewed other FDCPA and notes that this amount of hours is generally more than found to be reasonable in other FDCPA cases. See Johnson v. JP Morgan Chase Bank, N.A., 2010 WL 4977648 (E.D. Cal. Dec. 2, 2010) (66.5 hours following jury trial); McCollough v. Johnson, Rodenburg & Lauinger, 2009 WL 2476543 (D. Mont. June 3, 2009) (465.5 hours following jury trial); Clark v. Quick Collect, Inc., 2006 WL 572157 (D. Or. March 6, 2006 (71.2 hours following jury trial); Hooper v. Capital Credit & Collection Services, 2005 WL 1899380 (D. Or. Aug. 8, 2005) (78.1 hours following jury trial).

December 20, 2014 (2.6). This results in a total reduction to Mr. Gist's billable hours of 52.7 hours. The Court finds that the reasonable amount of hours that Mr. Gist is entitled to in prosecuting this action is 50.6 hours.

### 3. Fee Award

The Court shall award Mr. Kreig fees for 342.09 hours in representing Plaintiff in this action at an hourly rate of $300. This results in a total fee award for Mr. Kreig of $102,627.00.

The Court shall award Mr. Gist fees for 50.6 hours in representing Plaintiff in this action at an hourly rate of $200. This results in a total fee award for Mr. Gist of $10,100.

### 4. Adjustment to Lodestar

Plaintiff requests that the Court apply a multiplier to the lodestar fee. The lodestar in this action is $112,727. There is a strong presumption that the lodestar is a reasonable fee, Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987), "thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings . . . that the lodestar amount is unreasonably low or unreasonably high[,]" Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (internal punctuation and citations omitted).

Mr. Kreig has been awarded an hourly rate that is the maximum amount this Court finds to be reasonable for representation in an action such as this. Further, while Plaintiff received a good result for counsels' representation here, she was only awarded $4,800.00 in damages. The Court does not find this an excellent result that would support the addition of a multiplier in this action.

This action was filed on October 10, 2011, and went to trial on November 14, 2013. Mr. Gist originally met with Plaintiff in regards to her bankruptcy on October 14, 2010, (ECF No. 106-3 at 8), and determined that she might have a claim under the FDCPA. While this action was not filed until one year later, this initial delay was due to Mr. Gist's unfamiliarity with prosecuting an FDCPA claim. Further, the billing records do not show that this case took up such an extensive amount of either attorney's time that they would be precluded from accepting other

employment during the pendency of the action.

Considering the Kerr factors, the Court finds that the fees awarded in this instance are sufficient to compensate for the time reasonably incurred in the litigation and declines to award a multiplier.

**B.     Costs**

Plaintiff is also seeking costs of $4,149.72 in this action. On February 6, 2014, the Clerk of the Court taxed costs in the amount of $4,149.72 against Defendant Blackstone Financial Group. Accordingly, this request shall be denied as moot.

### IV.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff Alonso's motion for attorney fees and costs is GRANTED IN PART and DENIED IN PART as follows:

1      Plaintiff's motion for attorney fees is granted;

2.     Plaintiff is awarded $112,727 in attorney fees; and

3.     Plaintiff's motion for an award of costs is DENIED as moot.

IT IS SO ORDERED.

Dated:   **February 25, 2014**                                                                      
                                                            UNITED STATES MAGISTRATE JUDGE